Lafayette Parish
Filed Jul 09, 2021 11:36 AM
Simone Vaughan
Deputy Clerk of Court
C-20213554
G

WILLIAM LABAUVE            DOCKET NO. __C-20213554__ SEC:

VERSUS            15ᵀᴴ JUDICIAL DISTRICT COURT

           LAFAYETTE PARISH

BROOKSHIRE GROCERY COMPANY     STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, **WILLIAM LABAUVE**, a person of the full age of majority and domiciled in the Parish of Iberia, State of Louisiana, who respectfully represents:

1.

MADE DEFENDANT HEREIN IS:

    A.    **BROOKSHIRE GROCERY COMPANY**, upon information to form a belief, a foreign corporation authorized to do business in Louisiana, that can be served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana, 70816.

2.

Venue and Jurisdiction are proper as incident and injuries occurred in Lafayette Parish.

3.

On or about August 26, 2020, **WILLIAM LABAUVE** was on the premises of Super 1 Foods, owned by defendant, **BROOKSHIRE GROCERY COMPANY**, located at 1500 Bonin Road, Youngsville, Louisiana.

4.

Petitioner, **WILLIAM LABAUVE**, was walking in the above described Super 1 Foods, when suddenly and without warning, he slipped and fell on melted ice on the floor near the ice machine.

5.

Plaintiff alleges, upon information and belief, the ice machine was owned by defendant, **BROOKSHIRE GROCERY COMPANY**.

6.

Plaintiff alleges, upon information and belief, the ice machine was in the care of Super 1 Foods owned by defendant, **BROOKSHIRE GROCERY COMPANY**.

1

Certified True and Correct Copy
CertID: 2021070900449
Lafayette Parish Deputy Clerk of Court
Generated Date: 7/9/2021 2:50 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3:3(a)(3).
EXHIBIT A

7.

Plaintiff alleges, upon information and belief, the ice machine was in the custody of Super 1 Foods owned by defendant, **BROOKSHIRE GROCERY COMPANY**.

8.

Plaintiff alleges, upon information and belief, the ice machine was in the control of Super 1 Foods owned by defendant, **BROOKSHIRE GROCERY COMPANY**.

9.

Plaintiff alleges, upon information and belief, the ice machine on the premise of Super 1 Foods owned by defendant, **BROOKSHIRE GROCERY COMPANY**, was inadequately monitored for safety hazards, and this lack of monitoring presented an unreasonable risk of harm which was foreseeable.

10.

Plaintiff alleges, upon information and belief, that Super 1 Foods, owned by defendant, **BROOKSHIRE GROCERY COMPANY**, knew or should have known that ice routinely fell out of the ice machine and failed to warn the public or provide preventative measures to eliminate the hazard of melted ice.

11.

Plaintiff alleges, upon information and belief, the ice melted into a hazardous puddle and was there long enough to provide constructive notice, and it was not cleaned up allowing a known hazard.

12.

The water hazard was a hidden or latent hazard to patrons such as **WILLIAM LABAUVE**.

13.

The aforementioned water caused **WILLIAM LABAUVE** to slip and fall to the floor, causing severe injuries.

14.

Plaintiff alleges that defendant, **BROOKSHIRE GROCERY COMPANY**, allowed the unreasonably dangerous condition which caused harm to the plaintiff, or had actual or constructive knowledge of the condition and failed to exercise reasonable care to prevent harm unto the plaintiff or other patrons.

15.

2


Certified True and Correct Copy
CertID: 2021070900449

Lafayette Parish
Deputy Clerk of Court

Generated Date:
7/9/2021 2:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3:3(a)(3).

Plaintiff alleges that defendant, **BROOKSHIRE GROCERY COMPANY**, had actual and / or constructive knowledge of the unreasonably dangerous condition and failed to warn plaintiff or other patrons of said hazard.

16.

As a result of the above described incident, plaintiff sustained injuries, including, but not limited to:

    a.    Tear of lateral and medial meniscus of right knee requiring surgery;

    b.    Strain of right quadricep muscle; and

    c.    Any and all injuries identified during the discovery and/or through medical testimony at the trial of this matter.

17.

Plaintiff, **WILLIAM LABAUVE**, alleges that defendant is liable in all such injuries caused by their fault and negligence under Louisiana Civil Code artless 2315, 2317, 2317.1, 2320, and 2322.

18.

In no way did plaintiff contribute to or cause the incident sued upon herein, as the puddle formed from the melted ice was not open and obvious.

19.

The incident was caused by the fault of defendant, **BROOKSHIRE GROCERY COMPANY**, in the following non-exclusive respects:

    a.    By failing to maintain their premises in a safe condition;

    b.    By failing to warn plaintiff of the unsafe condition;

    c.    By failing to inspect the area and/or to remove such hazards;

    d.    By failing to prevent plaintiff from entering into what defendant knew or should have known was an unsafe area; and

    e.    Other acts of negligence which were the cause of this accident and will be shown at the trial of this matter.

20.

As a result of this incident, **WILLIAM LABAUVE**, has sustained the following non-exclusive elements of damages:

    a.    Physical pain and suffering (past, present, and future);

    b.    Mental anguish (past, present, and future);

    c.    Loss of enjoyment of life (past, present, and future);

3

Certified True and Correct Copy
CertID: 2021070900449
Lafayette Parish
Deputy Clerk of Court
Generated Date: 7/9/2021 2:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

    d.    Disfigurement and disability;

    e.    Medical Expenses (past, present, and future); and

    f.    Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

21.

WILLIAM LABAUVE is therefore entitled to damages for the items set forth above in such amounts found by this Court.

22.

WHEREFORE PETITIONER PRAYS that the defendant be served with a copy of the petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of petitioner, WILLIAM LABAUVE, and against the defendant, BROOKSHIRE GROCERY COMPANY for compensatory damages in an amount that will fully and adequately satisfy the demands of justice in equity, together with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings.

PETITIONER FURTHER PRAYS for any and all additional legal equitable relief which this Honorable Court may deem necessary and proper.

Respectfully Submitted,

GORDON McKERNAN INJURY ATTORNEYS

Matthew R. Reed (#36639)
Direct:      (337) 541-6589
Direct Fax:  (337) 704-2805
matthew@getgordon.com
2505 Verot School Road
Lafayette, LA 70508

**PLEASE SERVE:**

**BROOKSHIRE GROCERY COMPANY**
Through it registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

4.

Certified True and Correct Copy
CertID: 2021070900449
Lafayette Parish
Deputy Clerk of Court
Generated Date:
7/9/2021 2:50 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).